Vanessa R. Waldref
United States Attorney
Eastern District of Washington
Michael D. Murphy
Assistant United States Attorney
402 E. Yakima Avenue, Suite 210
Yakima, Washington 98901
(509) 454-4425

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | 1:22-CR-02091-MKD |
| Plaintiff, | PLAINTIFF'S SENTENCING |
| vs. | MEMORANDUM |
| MATTHIAS KARSTEN CALLAWAY, | |
| Defendant. | |

The United States of America, by and through Vanessa R. Waldref, United States Attorney for the Eastern District of Washington, and Michael D. Murphy, Assistant United States Attorney, submits the following Sentencing Memorandum.

GOV'T SENT. MEMO.                                                                 1

On January 30, 2022, Defendant pleaded guilty to an Information charging a single count of Enticement of a Minor, in violation of 18 U.S.C. § 2422(b). ECF 48, 52 (Information, Plea Agreement).

I.   BASE OFFENSE LEVEL AND ENHANCEMENTS

The draft PSIR provides for a base offense level of 28. PSIR, ECF 62, ¶ 24. A two level increase is applied for use of a computer and Defendant is accorded a three level downward adjustment for acceptance of responsibility. *Id.* at ¶¶ 25, 31-32. In addition to a total offense level of 27, Defendant falls within criminal history category I, resulting a guideline range of incarceration of 120 months to be followed by no less than 5 years and up to lifetime of supervised release. *Id.* at ¶ 124. The United States agrees with the Guidelines calculations in the PSR.

II.   DEPARTURES AND OBJECTIONS

The United States does not seek any departure in this matter or, alternatively, any variance. The United States does not have any objections to the PSIR.

The Guidelines are the starting point and the initial benchmark for the sentencing process. *Kimbrough v. United States*, 128 S. Ct. 558 (2007). The Court "take[s] into account the totality of the circumstances" to determine whether a sentence is reasonable. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). Further, upon appellate review, "the scheme of downward and upward 'departures' [is] essentially replaced by the requirement that judges impose a 'reasonable' sentence."

*United States v. Ellis*, 641 F.3d 411, 421 (9th Cir. 2011). A reasonable sentence under the facts of this case is one as recommended by the Sentencing Guidelines- 120 months incarceration followed by 5 years of supervised release.

III.    SENTENCING FACTORS UNDER 18 U.S.C. §3553(a)

1. <u>The nature and circumstances of the offense and the history and characteristics of Defendant.</u>

The investigation which led to Defendant's indictment and his plea to the charge of Enticement of a minor began with a welfare check of a fifteen-year-old female other than the child identified in the Indictment and the Information. Investigation into the circumstance of that girl led to Defendant's arrest on state charges, which have subsequently been dismissed. ECF 62, ¶¶ 34-37, 50. After his arrest on the charges related to that case, Defendant was interviewed and admitted to the conduct which led to his arrest on state charges. He also admitted to his conduct in paying another fifteen-year-old girl for videos of her masturbating or showing herself nude. *Id.* at ¶ 14. Defendant knew the victim of the instant charges and had interacted with her socially as well as on-line. In addition to Defendant's inculpatory statements to law enforcement, he has indicated, through counsel, the desire to accept responsibility in this case.

Defendant has life-long substantial physical impairments. ECF 62, ¶¶ 75-79.

"[A] sentencing court may rely on any evidence relating to a defendant's background, character, and conduct when considering the sentencing factors found in

18 U.S.C. § 3553(a)." *United States v. Christensen*, 732 F.3d 1094, 1104 n. 2 (9th Cir. 2013) (emphasis added). Sentencing courts are permitted to consider the widest possible breadth of information about a defendant to ensure that the punishment will suit not only the offense, but also the individual defendant. *Pepper v. United States*, 562 U.S. 476, 488 (2011). Defendant's actions as they pertains to the victim of the charged conduct are outside the common run of cases of enticement of a minor, in that he is relatively near in age to that person, was known to her, and did not engage in subterfuge to obtain the child pornography. However, his conduct as to the victim in the state charges, as well as his persistent efforts to have other young women and girls to send him pornographic images, as described in ¶¶ 38-42 of the PSR, indicate the appropriateness of a guideline sentence.

  2. <u>The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, and to provide just punishment.</u>

A guideline sentence is appropriate to reflect the seriousness of the offense. Further, a sentence of 120 months imprisonment would promote respect for the law. *See Rita v. United States*, 551 U.S. 338, 356 (2007) ("[W]hen a judge decides simply to apply the Guidelines to a particular case, doing so will not necessarily require lengthy explanation.").

  3. <u>The need for the sentence imposed to afford adequate deterrence to criminal conduct.</u>

A sentence of 120 months incarceration would provide adequate deterrence given Defendant's lack of criminal history.

4. <u>The need for the sentence imposed to protect the public from further crimes of Defendant.</u>

Defendant is twenty-four years old and has a substantial employment history, particularly given his physical challenges. A sentence of 120 months imprisonment followed by 5 years of supervised release should protect the public from further crimes by him.

5. <u>The need for the sentence imposed to provide Defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.</u>

A sentence of 120 months imprisonment would provide Defendant with effective correctional treatment. He will require substantial medical care while in custody.

IV.    GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the Court impose a sentence of incarceration of 120 months followed by a term of supervised release of 5 years and no criminal fine. Defendant must pay a $100 Special Penalty Assessment. Defendant must also be required to participate in Sex Offender Registration.

GOV'T SENT. MEMO.                              5

DATED this 2nd day of April, 2024.

VANESSA R. WALDREF
United States Attorney

s/Michael D. Murphy
MICHAEL D. MURPHY
Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that on April 2, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, and a copy was emailed to the counsel of record in this case.

s/ Michael D. Murphy
Michael D. Murphy
Assistant United States Attorney
United States Attorney's Office
402 E. Yakima Ave., Suite 210
Yakima, WA 98901
(509) 454-4425
Fax: (509) 249-3297